IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Steven Brewer,<br><br>                Defendant/Movant. | No.  CV-19-2026-PHX-NVW (DMF)<br>       CR-12-1927-02-PHX-NVW<br><br>**ORDER** |

       The United States of America has filed a motion for order requiring movant to execute a limited waiver of the attorney client privilege (Doc. 4)[1] Plaintiff requests that the waiver be limited to the attorney whose communications have been placed at issue, and that the information obtained only be used during the course of litigation over Defendant's § 2255 motion. Movant has not filed a response and the time to do so has passed. The Court grants the Plaintiff's motion as set forth below.

       Pursuant to the "fairness principle," federal courts have held "that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). The court, however, "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker*, 331 F.3d at 720. Courts "that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party

---

[1] Citations to "Doc." are to documents in CV-19-2026-PHX-NVW (DMF).

in litigating the claim in question." *Bittaker*, 331 F.3d at 720 (citing *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 405 (1976)).

In his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Movant asserts the following grounds for relief: (1) counsel was ineffective for advising him to testify (Ground 2); (2) failing to object to interstate nexus testimony (Ground 3); failing to challenge his Sentencing Guidelines calculation after trial and on appeal (Grounds 5 and 6); failing to challenge that the offense involved ten or more victims (Ground 7); and failing to challenge the sophisticated means enhancement (Ground 8) (Doc. 3).

Upon review of the § 2255 motion, the Court concludes that a proper response to Movant's claims requires evidence that is protected by the attorney-client privilege. Thus, Plaintiff cannot properly respond to these claims if Movant asserts his attorney-client privilege. The Court, therefore, grants Plaintiff's motion and requires Movant either to (1) sign and file the limited waiver of his attorney-client privilege related to his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, which is attached as Exhibit A to this order; or (2) file a notice of withdrawal of his claims of ineffective assistance of counsel.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Order (Doc. 4).

**IT IS FURTHER ORDERED** that within **fourteen days** of the date of this order Movant must either (1) file a signed copy of the Waiver attached as Exhibit A to this order; or (2) file a notice of withdrawal of his claims of ineffective assistance of counsel.

**IT IS FURTHER ORDERED** that the deadline for the government to respond to the § 2255 motion is extended for **sixty days** from the date of this order.

Dated this 11th day of June, 2019.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Steven Brewer,<br><br>          Defendant/Movant. | No. CV-19-2029-PHX-NVW (DMF)<br>     CR-12-1927-02-PHX-NVW<br><br>**WAIVER** |

I, Steven Brewer, ("Movant"), in order to pursue claims related to the Contested Issues described herein, hereby waive the attorney-client privilege between myself and my trial counsel Ashley Adams and my appellate counsel Michael Bresnehan ("Counsel"), regarding my representation in U.S. District Court, District of Arizona, case number CR-12-1927-02-PHX-NVW, subject to the following limitations:

    **1.**     **Contested Issues within Waiver**

This waiver only extends to those matters relevant to any deficient performance by counsel, or resulting prejudice, related to the following issues (the Contested Issues): (1) counsel was ineffective for advising him to testify (Ground 2); (2) failing to object to interstate nexus testimony (Ground 3); failing to challenge his Sentencing Guidelines calculation after trial and on appeal (Grounds 5 and 6); failing to challenge that the offense involved ten or more victims (Ground 7); and failing to challenge the sophisticated means enhancement (Ground 8) (Doc. 3).

**2.     Extent of Waiver**

This waiver extends to all information in the possession of Counsel relevant to the Contested Issues, including communications between myself or third parties and Counsel, as well as Counsel's impressions and work-product.  I further authorize Counsel to complete and provide to Plaintiff and myself an affidavit concerning the Contested Issues.

**3.     Limitation on Use**

The information disclosed pursuant to this Waiver may only be used for purposes of litigating, defending, and ruling on my claims of ineffective in my Motion under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, in United States District Court, District of Arizona case number CV-19-2026-PHX-NVW (DMF), and any appeals therefrom, and may not be otherwise disclosed.

**4.     Copies**

Copies of this Waiver, whether on paper or transmitted by telefacsimile or other electronic means, may be accepted and relied upon the same as the original.

Signed: _____          Dated: _____
             Steven Brewer
             Defendant/Movant